DOWNEY, Judge.
Joshua Cleveland’s probation was revoked because a shotgun was discovered in the trunk of his car as a result of an inventory search. The trial court denied Joshua’s motion to suppress the physical evidence discovered during the inventory search and this appeal ensued.
Joshua was stopped by police for driving his car without a current inspection sticker or license plate; neither did he have a driver’s license or registration certificate. Ownership of the vehicle was not confirmed through a VIN number inquiry. A routine records check reflected two outstanding warrants, so Joshua was arrested. Joshua’s uncle appeared at the scene and both Joshua and his uncle requested that the uncle be allowed to drive the car home. The police refused; the car was impounded and during an inventory search the shotgun was found.
In order for the police to impound an automobile, there must be an actual need for impoundment. Reasonable and necessary impoundments include:
(1) an unattended car illegally parked or otherwise illegally obstructing traffic, an illustration of which is the factual situation in the Opperman case [South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976)]; (2) an unattended car at the scene of an accident where the driver is physically or mentally incapable of deciding what steps to take to deal with his vehicle such as might occur when the driver is seriously injured, mentally incapacitated, or severely intoxicated; (3) an abandoned vehicle; (4) a mechanically defective vehicle which, if driven, could menace others on the public highway; (5) a vehicle identified as stolen. There may be other circumstances; this list is not all-inclusive. Miller v. State, 403 So.2d 1307, 1313 (Fla.1981).
The State has the burden of proof to show that the impoundment was lawful, reasonable, and necessary under the circumstances of the particular case. Miller, supra. Absent a proper impoundment the propriety of the inventory search need not be reached.
In Miller, supra, the Supreme Court of Florida discussed decisions involving the im-poundment of vehicles and inventory searches and resolved the conflict that has existed among the District Courts of Appeal regarding the necessity of advising a vehicle owner or possessor of his alternatives to impoundment. Among other *1380 things, it approved Judge Scheb’s statement in Altman v. State, 335 So.2d 626 (Fla. 2d DCA 1976), to the effect that, if the vehicle driver has a reliable friend present who can and will remove the vehicle for the driver or the driver prefers to have the vehicle towed away to a particular destination, these alternatives should preclude any im-poundment and inventory of the car.
In the case at bar none of the usual grounds for impoundment existed. Furthermore, even if any of the grounds 1 through 4 were present, impoundment would still have been improper because Joshua's uncle was there and requested permission to drive the car home to save Joshua the expenses of towing. Of course, if the police had identified the vehicle as stolen there would be no reasonable alternative to impoundment.
In view of the foregoing, we reverse the judgment appealed from and remand the cause with directions to grant appellant’s motion to suppress.
REVERSED AND REMANDED, with directions.
DELL, J., and SCHWARTZ, ALAN R., Associate Judge, concur.